IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:21-CV-744

| | |
|---|---|
| KATHY BYRD HARRINGTON, as Administrator of the Estate of WESLEY RANDOLPH HUNTER, deceased,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN HEALTH PARTNERS, INC. and KELLY CARLTON and KAREN RUSSELL, JASON AUTEN, in his individual capacity, A.M. PRICE, in his individual capacity, MICHAEL ROGERS, in his individual capacity, CABARRUS COUNTY SHERIFF'S DEPARTMENT, and CABARRUS COUNTY,<br><br>Defendants. | **DEFENDANTS' BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS** |

NOW COMES Defendants, Jason Auten ("Auten"), A.M. Price ("Price"), Michael Rogers ("Rogers") (collectively the "Individual Moving Defendants"), Cabarrus County Sheriff's Department ("Sherriff's Department"), and Cabarrus County ("Cabarrus County") (collectively the "County Moving Defendants") (the Individual Moving Defendants and County Moving Defendants are collectively the "Moving Defendants") and respectfully submit this brief in support of their Partial Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## NATURE OF THE MATTER BEFORE THE COURT

Wesley Hunter ("Hunter") tragically died while at the Cabarrus County Jail (the "Jail") on drug related charges. In response to his death, the administrator of his estate filed this lawsuit against the medical professionals involved in the medical care at the Jail as well as three employees of the Sheriff's Department who worked at the Jail, the Sheriff's Department itself, and Cabarrus County. However, Plaintiff's complaint fails to provide sufficient facts to allow the Court to conclude that the claims against the Individual Moving Defendant can continue or that the federal § 1983 claim against the County Moving Defendants can proceed.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

On August 12, 2020, Hunter was sent to the Cabarrus County Jail on drug related charges. (Doc. 1-1 at ¶ 20). The Jail is run by the Sheriff's Department. (Doc. 1-1 at ¶ 5). Each of the Individual Moving Defendants was employed by and worked for the Sheriff's Department. (Doc. 1-1 at ¶¶ 6-8). Cabarrus County entered a contract with co-defendant Southern Health Partners, Inc. ("SHP") to provide all professional medical health care to inmates. (Doc. 1-1 at ¶¶ 11-13).

On the days between August 14, 2020 and August 17, 2020 Hunter, suffering Opioid addiction withdrawal, reported multiple episodes of vomiting and/or diarrhea to unidentified individuals. (Doc. 1-1 at ¶¶ 22 & 24). On August 20, 2020, Hunter complained of dizziness and had to be helped to a chair by unidentified employees and/or

---

[1] As required for a motion to dismiss, Moving Defendants accept all allegations in the complaint at true for purposes of this motion **only**. Moving Defendants reserve the right to dispute any and all allegations.

agents of the Sherriff's Department. (Doc. 1-1 at ¶ 25). Later that day, Hunter fell in the shower and was examined by co-defendant Kelly Carlton ("Carlton") a nurse employed by SHP. (Doc. 1-1 at ¶¶ 3 & 26). Carlton ultimately directed that Hunter be placed back in his cell. (Doc. 1-1 at ¶ 28).

On August 21, 2020, an unidentified employee and/or agent of the Sheriff's Department requested a medical check of Hunter and he was examined by Carlton. (Doc. 1-1 at ¶ 30). Later that day, an unidentified employee and/or agent of the Sheriff's Department requested another medical check of Hunter and he was examined by Carlton. (Doc. 1-1 at ¶ 31). At the direction of Carlton, Hunter was provided water by an unidentified employee and/or agent of the Sheriff's Department. (Doc. 1-1 at ¶ 32).

Later that afternoon, Rogers observed Hunter slumped over and Rogers called the control room for assistance. (Doc. 1-1 at ¶ 33). Price responded to Rogers and, upon observing Hunter slumped over, retrieved his medical bag and Carlton was summoned. (Doc. 1-1 at ¶¶ 34-35). Hunter died from a laceration at the gastroesophageal junction. (Doc. 1-1 at ¶ 36).

On August 18, 2021, Plaintiff, Kathy Byrd Harrington, as Administrator of the Estate of Wesley Randolph Hunter ("Plaintiff") filed this lawsuit (the "Lawsuit"). (Doc. 1-1). On September 24, 2021, the Lawsuit was removed to this Court. (Doc. 1). The Lawsuit alleges three counts against the Moving Defendants. The Lawsuit alleges federal § 1983 claims for violation of Hunter's Eighth Amendment rights against the County Moving Defendants. (Doc. 1-1 at ¶¶ 37-44). The Lawsuit alleges state law negligence

3

claims against all the Moving Defendants. (Doc. 1-1 at ¶¶ 52-66). The Lawsuit alleges a claim for punitive damages against Moving Defendants. (Doc. 1-1 at ¶¶ 67-70).

## QUESTIONS PRESENTED

1. Are the Individual Moving Defendants entitled to be dismissed from the Lawsuit due to public official immunity?

2. Are the County Moving Defendants entitled to have the federal § 1983 claims dismissed against them?

## LEGAL ARGUMENT

There are essentially three substantive claims against Moving Defendants.

First, Plaintiff alleges state law claims of negligence against the Individual Moving Defendants in their individual capacity. On this issue, the Individual Moving Defendants are entitled to have the claim dismissed as they are protected by public official immunity.

Second, Plaintiff alleges federal § 1983 claims for violation of Hunter's Eighth Amendment rights against the County Moving Defendants. On this issue, the County Moving Defendants are entitled to have the claims dismissed as they did not have a policy or custom that inflicted Plaintiff's injury.

Third, Plaintiff alleges a state law claim of negligence against the County Moving Defendants. The County Moving Defendants are not moving to dismiss this claim yet.

**A. The Claims Against the Individual Moving Defendants Must be Dismissed.**

Public official's immunity is a "derivative" of governmental immunity. *See Epps v. Duke Univ., Inc.*, 122 N.C. App. 198, 203, 468 S.E.2d 846, 850 (1996). Public

4

official's immunity precludes suits against public officials in their individual capacities and protects them from liability "[a]s long as a public officer lawfully exercises the judgment and discretion with which he is invested by virtue of his office, keeps within the scope of his official authority, and acts without malice or corruption[.]" *Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976); *Meyer v. Walls*, 347 N.C. 97, 112, 489 S.E.2d 880, 888 (1997) ("It is settled law in this jurisdiction that a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto.").

Courts employ a three factor evaluation to determine if an individual is a public official. *See Isenhour v. Hutto*, 350 N.C. 601, 610, 517 S.E.2d 121, 127 (1999). However, here, the analysis of the applicability of the public official immunity for employees of sheriff's departments working in jails has already been done. *See Baker v. Smith*, 224 N.C. App. 423, 426-434, 737 S.E.2d 144, 147-151 (2012) (Court held assistant jailer qualifies as a public official entitled to immunity from suit in an individual capacity); *Evans v. Croft*, 2019 N.C. App. LEXIS 463 at *19 (2019) ("Jailers are public officials entitled to immunity because they exercise the power of the State and carry out a statutorily delegated duty."); *Duncan v. Pendergrass*, 2020 U.S. Dist. LEXIS 25125 at *13 (M.D.N.C. 2020). Therefore, there should be no dispute that the Individual Moving Defendants are all public officials.

Given that each of the Individual Moving Defendants qualifies as a public official entitled to immunity from suit in an individual capacity, the only issue remaining is

5

whether each Individual Moving Defendant kept within the scope of his official authority and acted without malice or corruption. *See Baker*, 224 N.C. App. at 435, 737 S.E.2d at 152. There are no allegations that any of the Individual Moving Defendants acted outside the scope of their official authority or acted with corruption. (Doc. 1-1). Thus, the question is whether Plaintiff has sufficiently pled the Individual Moving Defendants acted with malice to cause Hunter's death.

"A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another. Thus, elementally, a malicious act is an act (1) done wantonly, (2) contrary to the actor's duty, and (3) intended to be injurious to another." *Chastain v. Arndt*, 253 N.C. App. 8, 18, 800 S.E.2d 68, 76-77 (2017). "It is well settled that absent evidence to the contrary, it will always be presumed that public officials will discharge their duties in good faith and exercise their powers in accord with the spirit and purpose of the law. This presumption places a heavy burden on the party challenging the validity of public officials' actions to overcome this presumption by competent and substantial evidence. Moreover, evidence offered to meet or rebut the presumption of good faith must be sufficient by virtue of its reasonableness, not by mere supposition. It must be factual, not hypothetical; supported by fact, not by surmise." *Strickland v. Hedrick*, 194 N.C. App. 1, 10-11, 669 S.E.2d 61, 68 (2008).

Moreover, it is not sufficient to allege malicious conduct in a conclusory and general fashion "without alleging facts permitting a reasonable inference of malicious and corrupt state of mind." *Everette-Oates v. N.C. Dep't of State Treasurer*, 2016 U.S.

Dist. LEXIS 200115 at * 52 (E.D.N.C. 2016) (Court dismissed state law claims against public officials in their individual capacity because plaintiffs failed to allege the requisite malice and corrupt state of mind on the part of the defendants).

Here, Plaintiff alleges broadly and generally that "defendants," which would include the Individual Moving Defendants, acted with malice. (Doc. 1-1 ¶ 68). However, such conclusory allegations must be ignored and are not sufficient to defeat a motion to dismiss. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011) ("in adjudicating the sufficient of the [complaint], we, like the district court, accept as true the [complaint's] well-pleaded factual allegations, but owe no allegiance to 'unwarranted inferences, unreasonable conclusions, or arguments' drawn from those facts."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

As far as factual allegations, according to Plaintiff's complaint, the only action that Rogers is identified as performing is when he observed Hunter slumped over and called for assistance. (Doc. 1-1 at ¶ 33). Similarly, the only action identified about Price is when he responded to Rogers, and upon observing Hunter slumped over, retrieved his medical bag and a medical professional was summoned. (Doc. 1-1 at ¶¶ 34-35). As to Auten, there does not appear to be a single mention of him in the complaint other than for jurisdictional purposes (Doc. 1-1 at ¶ 6). The actions of calling for assistance, retrieving a medical bag, and summoning a medical professional are not acts intended to be injurious and certainly do not overcome the presumption of good faith for the actions of public officials.

Thus, Plaintiff has utterly failed to plead facts permitting a reasonable inference of malicious conduct on behalf of any of the Individual Moving Defendants, and the Individual Moving Defendants are entitled to have the claims against them dismissed.

### B. The Federal § 1983 Claims Against the County Moving Defendants Must be Dismissed.

"A municipality is subject to Section 1983 liability only when its 'policy or custom…inflicts the [plaintiff's] injury.'" *Santos v. Frederick Cty. Bd. of Comm'rs*, 725 F.3d 451, 470 (4th Cir. 2013) *quoting Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Such a policy or custom can give rise to municipal liability in only four ways: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." *Oliver v. Baity*, 208 F. Supp. 3d 681, 689 (M.D.N.C. 2016) *quoting Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).

Plaintiff fails to allege any facts that Hunter's death was caused by some express policy of the County Moving Defendants, some decision of a person with final policymaking authority, a failure to properly train its officers, which manifests in deliberate indifference to the rights of Hunter, or through some pervasive and widespread practice. Put simply, Plaintiff fails to allege that the County Moving Defendant had a policy or custom that caused Hunter's death.

Therefore, Plaintiff's federal § 1983 claim against the County Moving Defendants must be dismissed.

## **CONCLUSION**

For the above stated reasons, Moving Defendants respectfully request that the Court dismiss the claims against the Individual Moving Defendants and dismiss the federal § 1983 claim against the County Moving Defendants.

This the 6th day of October, 2021.

/s/ JAMES D. MCALISTER
Bar No: 35432
/s/ JEFFREY B. KUYKENDAL
Bar No: 37693
McAngus Goudelock & Courie
Post Office Box 30307
Charlotte, North Carolina 28230
Phone: (704) 405-4638
Fax: (704) 643-2376
Email: jmcalister@mgclaw.com
Email: jeffrey.kuykendal@mgclaw.com

Attorneys for Jason Auten, A. M. Price, Michael Rogers, Cabarrus County Sheriff's Department and Cabarrus County

9

## CERTIFICATE OF SERVICE

I hereby certify that on 10/6/2021 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    W. Gregory Merritt
    Harris, Creech, Ward & Blackerby
    Post Office Drawer 1168
    New Bern, North Carolina 28563
    Attorney for Southern Health Partners, Inc., Kelly Carlton, and Karen Russell
    Email: wgm@hcwb.net

    Fred W. DeVore, III
    DeVore, Acton & Stafford, PA
    438 Queens Road
    Charlotte, North Carolina 28207
    Attorney for Kathy Byrd, as Administrator of the Estate of Wesley Randolph Hunter,
    Email: fdevore@devact.com

    /s/ JEFFREY B. KUYKENDAL
    /s/ JAMES D. MCALISTER

10

Case 1:21-cv-00744-LCB-JEP   Document 17   Filed 10/06/21   Page 10 of 10