UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

No. 1:21-CV-744

| | |
|---|---|
| KATHY BYRD HARRINGTON, as Administrator of the Estate of WESLEY RANDOLPH HUNTER, deceased, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHERN HEALTH PARTNERS, INC. and KELLY CARLTON and KAREN RUSSELL, JASON AUTEN, in his individual capacity, A.M. PRICE, in his individual capacity, MICHAEL ROGERS, in his individual capacity, CABARRUS COUNTY SHERIFF'S DEPARTMENT, and CABARRUS COUNTY, <br><br> Defendants. | **ANSWER OF DEFENDANTS SOUTHERN HEALTH PARTNERS, INC., KELLY CARLTON, AND KAREN RUSSELL TO PLAINTIFF'S COMPLAINT** |

NOW COME Defendants, Southern Health Partners, Inc. (hereinafter "SHP"), Kelly Carlton, and Karen Russell, by and through the undersigned counsel, and for their Answer to Plaintiff's Complaint, and state as follows:

**FIRST DEFENSE**

In response to Plaintiff's enumerated paragraphs, Defendants state as follows:

1. Defendants do not have sufficient information upon which to base a belief as to the truthfulness of the allegations contained in Paragraph No. 1 of Plaintiff's Complaint, and the same are, therefore, denied.

2. Admitted.

3. Admitted.

4. Denied.

5. The allegations contained in Paragraph No. 5 of Plaintiff's Complaint do not apply to these answering Defendants, and therefore, no response is required. Except as admitted herein, denied.

6. The allegations contained in Paragraph No. 6 of Plaintiff's Complaint do not apply to these answering Defendants, and therefore, no response is required. Except as admitted herein, denied.

7. The allegations contained in Paragraph No. 7 of Plaintiff's Complaint do not apply to these answering Defendants, and therefore, no response is required. Except as admitted herein, denied.

8. The allegations contained in Paragraph No. 8 of Plaintiff's Complaint do not apply to these answering Defendants, and therefore, no response is required. Except as admitted herein, denied.

9. The allegations contained in Paragraph No. 9 of Plaintiff's Complaint do not apply to these answering Defendants, and therefore, no response is required. Except as admitted herein, denied.

10. The allegations contained in Paragraph No. 10 of Plaintiff's Complaint do not apply to these answering Defendants, and therefore, no response is required. Except as admitted herein, denied.

11. Denied.

12. It is admitted that SHP entered into a contract with Cabarrus County to provide medical care at the Cabarrus County Detention Center. Said contract speaks for itself and is the best evidence of what is contained therein. Except as admitted, denied.

13. It is admitted that SHP entered into a contract with Cabarrus County to provide medical care at the Cabarrus County Detention Center. Said contract speaks for itself and is the best evidence of what is contained therein. Except as admitted, denied.

14. Denied.

15. Denied, as companies cannot be accredited by NCCHC.

16. Denied.

17. Denied.

18. Denied.

19. The allegations contained in Paragraph No. 19 of Plaintiff's Complaint seek a legal conclusion to which no response is required. Except as admitted, denied.

20. It is admitted that Wesley Hunter was an inmate at the Cabarrus County Detention Center, and at times was provided medical care by employees of SHP. Except as admitted, denied due to lack of sufficient information to form a belief as to the truthfulness of the same.

21. In response to the allegations contained in Paragraph No. 21 of Plaintiff's Complaint, Defendants state that the information concerning Plaintiff's decedent's condition and treatment is reflected in his medical records and charts. To the extent this Paragraph seeks to interpret or set forth what is shown in such records, Defendants state that such records, subject to interpretation and explanation by the person(s) making the referenced notations or entries, speak for themselves as to what they show. Except as admitted herein, denied.

22. In response to the allegations contained in Paragraph No. 22 of Plaintiff's Complaint, Defendants state that the information concerning Plaintiff's decedent's condition and treatment is reflected in his medical records and charts. To the extent this Paragraph seeks to interpret or set forth what is shown in such records, Defendants state that such records, subject to

interpretation and explanation by the person(s) making the referenced notations or entries, speak for themselves as to what they show. Except as admitted herein, denied.

23. In response to the allegations contained in Paragraph No. 23 of Plaintiff's Complaint, Defendants state that the information concerning Plaintiff's decedent's condition and treatment is reflected in his medical records and charts. To the extent this Paragraph seeks to interpret or set forth what is shown in such records, Defendants state that such records, subject to interpretation and explanation by the person(s) making the referenced notations or entries, speak for themselves as to what they show. Except as admitted herein, denied.

24. In response to the allegations contained in Paragraph No. 24 of Plaintiff's Complaint, Defendants state that the information concerning Plaintiff's decedent's condition and treatment is reflected in his medical records and charts. To the extent this Paragraph seeks to interpret or set forth what is shown in such records, Defendants state that such records, subject to interpretation and explanation by the person(s) making the referenced notations or entries, speak for themselves as to what they show. Except as admitted herein, denied.

25. In response to the allegations contained in Paragraph No. 25 of Plaintiff's Complaint, Defendants state that the information concerning Plaintiff's decedent's condition and treatment is reflected in his medical records and charts. To the extent this Paragraph seeks to interpret or set forth what is shown in such records, Defendants state that such records, subject to interpretation and explanation by the person(s) making the referenced notations or entries, speak for themselves as to what they show. Except as admitted herein, denied.

26. In response to the allegations contained in Paragraph No. 26 of Plaintiff's Complaint, Defendants state that the information concerning Plaintiff's decedent's condition and treatment is reflected in his medical records and charts. To the extent this Paragraph seeks to

interpret or set forth what is shown in such records, Defendants state that such records, subject to interpretation and explanation by the person(s) making the referenced notations or entries, speak for themselves as to what they show. Except as admitted herein, denied.

27. In response to the allegations contained in Paragraph No. 27 of Plaintiff's Complaint, Defendants state that the information concerning Plaintiff's decedent's condition and treatment is reflected in his medical records and charts. To the extent this Paragraph seeks to interpret or set forth what is shown in such records, Defendants state that such records, subject to interpretation and explanation by the person(s) making the referenced notations or entries, speak for themselves as to what they show. Except as admitted herein, denied.

28. In response to the allegations contained in Paragraph No. 28 of Plaintiff's Complaint, Defendants state that the information concerning Plaintiff's decedent's condition and treatment is reflected in his medical records and charts. To the extent this Paragraph seeks to interpret or set forth what is shown in such records, Defendants state that such records, subject to interpretation and explanation by the person(s) making the referenced notations or entries, speak for themselves as to what they show. Except as admitted herein, denied.

29. Denied.

30. In response to the allegations contained in Paragraph No. 30 of Plaintiff's Complaint, Defendants state that the information concerning Plaintiff's decedent's condition and treatment is reflected in his medical records and charts. To the extent this Paragraph seeks to interpret or set forth what is shown in such records, Defendants state that such records, subject to interpretation and explanation by the person(s) making the referenced notations or entries, speak for themselves as to what they show. Except as admitted herein, denied.

31. In response to the allegations contained in Paragraph No. 31 of Plaintiff's Complaint, Defendants state that the information concerning Plaintiff's decedent's condition and treatment is reflected in his medical records and charts. To the extent this Paragraph seeks to interpret or set forth what is shown in such records, Defendants state that such records, subject to interpretation and explanation by the person(s) making the referenced notations or entries, speak for themselves as to what they show. Except as admitted herein, denied.

32. In response to the allegations contained in Paragraph No. 32 of Plaintiff's Complaint, Defendants state that the information concerning Plaintiff's decedent's condition and treatment is reflected in his medical records and charts. To the extent this Paragraph seeks to interpret or set forth what is shown in such records, Defendants state that such records, subject to interpretation and explanation by the person(s) making the referenced notations or entries, speak for themselves as to what they show. Except as admitted herein, denied.

33. The allegations contained in Paragraph No. 33 of Plaintiff's Complaint do not apply to these answering Defendants, and therefore, no response is required. Except as admitted herein, denied.

34. The allegations contained in Paragraph No. 34 of Plaintiff's Complaint do not apply to these answering Defendants, and therefore, no response is required. Except as admitted herein, denied.

35. In response to the allegations contained in Paragraph No. 35 of Plaintiff's Complaint, Defendants state that the information concerning Plaintiff's decedent's condition and treatment is reflected in his medical records and charts. To the extent this Paragraph seeks to interpret or set forth what is shown in such records, Defendants state that such records, subject to

interpretation and explanation by the person(s) making the referenced notations or entries, speak for themselves as to what they show. Except as admitted herein, denied.

36. Defendants do not have sufficient information upon which to base a belief as to the truthfulness of the allegations contained in Paragraph No. 36 of Plaintiff's Complaint, and the same are, therefore, denied.

37. Defendants reincorporate their responses to the preceding paragraphs as if fully set forth therein.

38. The allegations contained in Paragraph No. 38 of Plaintiff's Complaint do not apply to these answering Defendants, and therefore, no response is required. Except as admitted herein, denied.

39. The allegations contained in Paragraph No. 39 of Plaintiff's Complaint do not apply to these answering Defendants, and therefore, no response is required. Except as admitted herein, denied.

40. The allegations contained in Paragraph No. 40 of Plaintiff's Complaint do not apply to these answering Defendants, and therefore, no response is required. Except as admitted herein, denied.

41. The allegations contained in Paragraph No. 41 of Plaintiff's Complaint do not apply to these answering Defendants, and therefore, no response is required. Except as admitted herein, denied.

42. The allegations contained in Paragraph No. 42 of Plaintiff's Complaint do not apply to these answering Defendants, and therefore, no response is required. Except as admitted herein, denied.

43. The allegations contained in Paragraph No. 43 of Plaintiff's Complaint do not apply to these answering Defendants, and therefore, no response is required. Except as admitted herein, denied.

44. The allegations contained in Paragraph No. 44 of Plaintiff's Complaint do not apply to these answering Defendants, and therefore, no response is required. Except as admitted herein, denied.

45. Defendants reincorporate their responses to the preceding paragraphs as if fully set forth therein.

46. The allegations contained in Paragraph No. 46 of Plaintiff's Complaint seek a legal conclusion to which no response is required. Except as admitted, denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Defendants reincorporate their responses to the preceding paragraphs as if fully set forth therein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Defendants do not have sufficient information upon which to base a belief as to the truthfulness of the allegations contained in Paragraph No. 61 of Plaintiff's Complaint, and the same are, therefore, denied.

62. The allegations contained in Paragraph No. 62 of Plaintiff's Complaint seek a legal conclusion to which no response is required. Except as admitted, denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Defendants reincorporate their responses to the preceding paragraphs as if fully set forth therein.

68. Denied.

69. Denied.

70. Denied.

As used herein, a denial to a numerical paragraph in Plaintiff's Complaint constitutes a denial to any and all subparagraphs contained therein.

Defendants hereby deny any and all allegations contained in Plaintiff's Complaint not specifically admitted herein.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and the same should, therefore, be dismissed pursuant to the Federal Rules of Civil Procedure.

## THIRD DEFENSE

Defendants deny that any act or conduct on their behalf or on behalf of any of its entities or employees was a proximate cause of injury or harm to Plaintiff's decedent.

## FOURTH DEFENSE

These Defendants state that the care and treatment provided to Plaintiff's decedent was, in all respects, appropriate and in conformance with the applicable standards of care. Defendants plead their conformity with the applicable standards of care as a complete bar to Plaintiff's cause of action herein.

## FIFTH DEFENSE

Defendants plead Decedent's contributory negligence as a bar to this cause of action.

## SIXTH DEFENSE

Defendants hereby plead any and all applicable statutes of limitations and statutes of repose as a bar to Plaintiff's cause of action herein.

## SEVENTH DEFENSE

Defendants deny that they deprived Plaintiff's decedent of any right under the United States Constitution or any other federal or state law.

## EIGHTH DEFENSE
### Qualified Immunity

These Defendants did not violate clearly established constitutional rights of which a reasonable person would have known; therefore, these Defendants acted at all times in the good faith belief that their actions were lawful and justified, and not in violation of any clearly established constitutional right of Plaintiff's decedent. The alleged actions of these Defendants of which Plaintiff complains were done in accordance with the laws of the United States and the

laws of the State of North Carolina. Thus these Defendants are entitled qualified immunity from Plaintiff's suit.

## NINTH DEFENSE

These Defendants plead the doctrines of governmental and sovereign immunity as a bar to Plaintiff's claims.

## TENTH DEFENSE

Plaintiff has alleged wrongful conduct by others as causing injury or death to Plaintiff's decedent. These Defendants have denied any wrongdoing on their part. Additionally, these Defendants assert that if it is found that Plaintiff's decedent was damaged by the wrongful conduct of others, these Defendants assert that the claims against them are barred by the contributing, concurring, intervening, superseding, or insulating negligence, fault, or breach of persons or entities other than these Defendants. Any fault, negligence, or wrongdoing by these Defendants, the existence of which is again expressly denied, was passive and secondary in light of the primary and active fault of others. These Defendants are entitled to contribution and/or indemnity from any other persons or entities who are found to have damaged Plaintiff's decedent by negligent, wrongful, or improper conduct.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues properly triable thereby.

WHEREFORE, Defendants, Southern Health Partners, Inc., Kelly Carlton, and Karen Russell, pray unto the Court as follows:

1. That Plaintiff's Complaint be dismissed, taken for naught, and that Plaintiff have and recover nothing thereon;

2. That the costs of this action, including costs of Court and reasonable attorneys' fees, be taxed against the Plaintiff;

3. That these Defendants have a trial by jury on all issues properly triable thereby; and

4. For any and all further relief as this Court may deem just and proper.

This the 27th day of October, 2021.

Respectfully submitted,

/s/ W. Gregory Merritt
N.C. State Bar Number: 23333
E-mail: wgm@harriscreech.com
/s/ Christina J. Banfield
N.C. State Bar Number: 52015
Email: njb@harriscreech.com
Harris, Creech, Ward & Blackerby, P.A.
325 Pollock Street
P.O. Drawer 1168
New Bern, NC 28563-1168
Telephone: (252) 638-6666
Facsimile: (252) 638-3542
Attorneys for Defendants Southern Health Partners, Inc.,
  Kelly Carlton, and Karen Russell

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **ANSWER OF DEFENDANTS SOUTHERN HEALTH PARTNERS, INC., KELLY CARLTON, AND KAREN RUSSELL TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Mr. Fred W. DeVore, III<br>Email: fdevore@devact.com<br>Mr. F. William DeVore, IV<br>Ms. Brittany Conner<br>DeVore, Acton & Stafford, P.A.<br>438 Queens Road<br>Charlotte, NC 28207<br>Telephone: (704) 377-5242<br>Facsimile: (704) 332-2825 | Mr. James D. (JD) McAlister<br>Email: jmcalister@mgclaw.com<br>Mr. Jeffrey Kuykendal<br>Email: Jeffrey.kuykendal@mgclaw.com<br>MGC Insurance Defense<br>PO Box 30307<br>Charlotte, NC 28230-0307<br>Telephone: 704-405-4638<br>Facsimile: 704-643-2376 |

This the 27th day of October, 2021.

Respectfully submitted,

/s/ W. Gregory Merritt
N.C. State Bar Number: 23333
E-mail: wgm@harriscreech.com
/s/ Christina J. Banfield
N.C. State Bar Number: 52015
Email: njb@harriscreech.com
Harris, Creech, Ward & Blackerby, P.A.
325 Pollock Street
P.O. Drawer 1168
New Bern, NC 28563-1168
Telephone: (252) 638-6666
Facsimile: (252) 638-3542
Attorneys for Defendants Southern Health Partners, Inc.,
 Kelly Carlton, and Karen Russell

dlb/8582