IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:21-CV-744

| | |
|---|---|
| KATHY BYRD HARRINGTON, as Administrator of the Estate of WESLEY RANDOLPH HUNTER, deceased,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN HEALTH PARTNERS, INC. and KELLY CARLTON and KAREN RUSSELL, JASON AUTEN, in his individual capacity, A.M. PRICE, in his individual capacity, MICHAEL ROGERS, in his individual capacity, CABARRUS COUNTY SHERIFF'S DEPARTMENT, and CABARRUS COUNTY,<br><br>Defendants. | **DEFENDANTS' REPLY BRIEF IN OPPOSITION TO PLAINTIFF'S RESPONSE BRIEF AND IN SUPPORT OF MOVING DEFENDANTS' PARTIAL MOTION TO DISMISS** |

      NOW COMES Defendants, Jason Auten ("Auten"), A.M. Price ("Price"), Michael Rogers ("Rogers") (collectively the "Individual Moving Defendants"), Cabarrus County Sheriff's Department ("Sherriff's Department"), and Cabarrus County ("Cabarrus County") (collectively the "County Moving Defendants") (the Individual Moving Defendants and County Moving Defendants are collectively the "Moving Defendants") and respectfully submit this Reply Brief in opposition to the Response Brief of Plaintiff, Kathy Byrd Harrington as Administrator of the Estate of Wesley Randolph Hunter ("Plaintiff") and in support of Moving Defendants' Partial Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## LEGAL ARGUMENT

Plaintiff, as she must, appears to concede that the Individual Moving Defendants are public officials. Thus, the sole issue is whether any of the three Individual Moving Defendants acted with malice toward Wesley Hunter ("Hunter"). The allegations in the Complaint fall way short of demonstrating malice under North Carolina law.

As to the County Moving Defendants, Plaintiff's sole argument to support her claims under 42 U.S.C. § 1983 ("§ 1983") for violation of Hunter's Eighth Amendment rights appears to be that the County Moving Defendants have a non-delegable duty to provide medical care. Thus, under the doctrine of respondeat superior, they are liable for the alleged negligent actions of co-defendants Southern Health Partners, Inc., K. Carlton and Karen Russell (collectively "Co-Defendants"). However, well-settled law precludes the application of the doctrine of respondeat superior to § 1983 claims.

**A. The Claims Against the Individual Moving Defendants Must be Dismissed.**

Plaintiff does not argue against, and thus appears to concede, that the Individual Moving Defendants are public officials under North Carolina law. *See Baker v. Smith*, 224 N.C. App. 423, 426-434, 737 S.E.2d 144, 147-151 (2012); *Evans v. Croft*, 2019 N.C. App. LEXIS 463 at *19 (2019); *Duncan v. Pendergrass*, 2020 U.S. Dist. LEXIS 25125 at * 13 (M.D.N.C. 2020). Further, Plaintiff does not argue that the actions of the Individual Moving Defendants were outside the scope of their official authority or that they acted corruptly. *See Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976); *Meyer v. Walls*, 347 N.C. 97, 112, 489 S.E.2d 880, 888 (1997). Accordingly, the Individual

2

Moving Defendants are entitled to be dismissed unless Plaintiff sufficiently pled the Individual Moving Defendant acted with "malice" toward Hunter. *See id.*

"A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another. Thus, elementally, a malicious act is an act (1) done wantonly, (2) contrary to the actor's duty, and (3) intended to be injurious to another." *Chastain v. Arndt*, 253 N.C. App. 8, 18, 800 S.E.2d 68, 76-77 (2017). To support her arguments that the Rogers and Price acted with malice, Plaintiff relies on two cases. However, both cases demonstrate how far short Plaintiff's allegations come to showing malice.

First, Plaintiff cites *Bailey v. Kennedy*, 349 F.3d 731 (4th Cir. 2003). In *Bailey*, the plaintiff, after having spoken with one police officer in his home and denying any suicidal thoughts or actions and demonstrating the lack of any evidence of suicidal preparations, was approached by a second police officer who prevented him from closing the door to his home, grabbed his arm, punched him multiple times in the mouth, handcuffed him, and took him into custody for an immediate mental health evaluation, where the officer lied about the precipitating events leading to the evaluation. *See id.* at 735. The Court, in affirming the District Court's denial of public officers immunity, noted that based on the facts, "a man of reasonable intelligence would have known that seizing [the plaintiff] for an emergency mental evaluation was contrary to his duty," which demonstrated a malicious act. *See id.* at 742. Moreover, the Court found that there were questions as to whether the police officer intended his acts to be injurious to

3

another.  *See id.* at 742 n. 7 *quoting Grad v. Kaasa*, 312 N.C. 310, 313, 321 S.E.2d 888, 890 (1984).

Second, Plaintiff cites *Wilcox v. City of Asheville*, 222 N.C. App. 285, 730 S.E.2d 226 (2012).  In *Wilcox*, police officers with the Asheville Police Department fired multiple shots at a vehicle in which the plaintiff was riding as a passenger during a slow moving pursuit of that vehicle.  *See id*. at 286, 730 S.E.2d at 229.  The Court noted that the only issue to preclude public officers' immunity was whether the police officers acted with malice.  *See id*. at 289, 730 S.E.2d at 230.  In examining the intent element, the Court noted intent could be found if the officer's actions were "so reckless or so manifestly indifferent to the consequences…as to justify a finding of willfulness and wantonness equivalent in spirit to an actual intent."  *Id.* at 292, 730 S.E.2d at 232 *quoting Foster v. Hyman*, 197 N.C. 189, 192, 148 S.E. 36, 38 (1929).  However, the Court expressly noted that "a showing of mere reckless indifference is insufficient…to prove malice based on constructive intent to injure."  *Id*.

The allegations in this lawsuit against the Individual Moving Defendants are far removed from cases involving officers unjustifiably restraining and taking into custody an individual or unjustifiably firing bullets into a slow moving vehicle with a passenger. Here, the allegations, taken in the light most favorable to Plaintiff, fail to demonstrate that the Individual Moving Defendants acted (1) wantonly; (2) contrary to their duty as measured by the standard of how a man of reasonable intelligence would know to act; or (3) with the intent to injury Hunter.  Particularly in light of the presumption that the Individual Moving Defendants discharged their duties in good faith and in accordance

4

with the spirit and purpose of the law. *See Strickland v. Hedrick*, 194 N.C. App. 1, 10-11, 669 S.E.2d 61, 68 (2008) ("[t]his presumption places a heavy burden on the party challenging the validity of public officials' actions to overcome this presumption by competent and substantial evidence.")

### 1. Rogers did not act with malice.

The only substantive allegation in Plaintiff's complaint against Rogers is that when he observed Hunter slumped over, he called for assistance, but did not call a physician. (Doc. 1-1 at ¶ 33). Plaintiff argues Rogers acted with sufficient malice by failing to specifically call for medical help. As noted below, according to Plaintiff, the help that came utilized a medical bag and medical professionals were then summoned. (Doc. 1-1 at ¶¶ 34-35). However, even if Rogers had only called for general assistance as opposed to medical assistance, such is not sufficient to demonstrate malice.

Calling for assistance generally as opposed to medical assistance does not demonstrate wanton behavior. *See* N.C. Gen. Stat. § 1D-5 ("'Willful or wanton conduct' means the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm. 'Willful or wanton conduct' means more than gross negligence."). Calling for assistance generally as opposed to medical assistance is not contrary to how a man of reasonable intelligence would act in a similar circumstance. Finally, even if it were both, calling for assistance generally as opposed to medical assistance was not an act that was intentionally injurious to Hunter. Even under the standard that constructive intent can be sufficient, the allegations against Rogers do not

even rise to the level of reckless indifference, which is insufficient, let alone constitute acts or omissions "so reckless or so manifestly indifferent to the consequences…as to justify a finding of willfulness and wantonness equivalent in spirit to an actual intent." *Wilcox*, 222 N.C. App. at 292, 730 S.E.2d at 232.

Put simply, even taking everything Plaintiff alleges as true, the failure to call for medical assistance cannot even be called reckless indifference, and is certainly not indicative of an intent to injure. Accordingly, Rogers is entitled to be dismissed from this lawsuit.

### 2. Price did not act with malice.

The only substantive allegation against Price is that when he responded to Rogers, and upon observing Hunter slumped over, he retrieved his medical bag and a medical professional was summoned. (Doc. 1-1 at ¶¶ 34-35). Plaintiff appears to suggest that a physician should have been summoned, however, Plaintiff pleads that when Carlton, a nurse, arrived Hunter was deceased. (Doc. 1-1 at ¶¶ 34-35). Thus, it is unclear how summoning a physician as opposed to a nurse would have changed the outcome.

Regardless, retrieving a medical bag and summoning a nurse as opposed to a physician does not demonstrate wanton behavior, is not contrary to how a man of reasonable intelligence would act in a similar circumstance, and is not an act which is intentionally injurious to Hunter. Again, Price's actions do not rise to the level of reckless indifference, let alone a higher level necessary to be considered "malice." Accordingly, Price is also entitled to be dismissed from this lawsuit.

6

### 3. Auten did not act with malice.

There are no substantive allegations against Auten. Further, Plaintiff's response fails to even make any arguments related to what Auten did or that Auten acted with malice so as to render public officers' immunity unavailable. Accordingly, Auten is also entitled to be dismissed from this lawsuit.

### B. The Federal § 1983 Claims Against the County Moving Defendants Must be Dismissed.

The County Moving Defendants pointed out that Plaintiff failed to allege any facts that Hunter's death was caused by some express policy of the County Moving Defendants, some decision of a person with final policymaking authority, a failure to properly train its officers, which manifests in deliberate indifference to the rights of Hunter, or through some pervasive and widespread practice. Plaintiffs do not argue otherwise. Thus, Plaintiff concedes this point. *See Hadley v. City of Mebane*, 2020 U.S. Dist. LEXIS 55891 at * 21 (MDNC 2020) (Court held that due to plaintiff's failure to respond to some of defendants' arguments, "the court will deem Plaintiff's arguments on these issues conceded, and Defendants' Partial Motion to Dismiss on these issues will be granted."); *Brand v. N.C. Dep't. of Crime Control & Pub. Safety*, 352 F. Supp. 2d 606, 617-618 (MDNC 2004) ("In Plaintiff's brief in response to Defendants' motion for summary judgment, Plaintiff does not address Defendants' [] motion concerning his hostile work environment claim. By failing to respond, Plaintiff concedes that he has not stated a hostile work environment claim.")

Instead, Plaintiff argues that the County Moving Defendants have a non-delegable duty to provide medical care to those in custody, and thus, under the doctrine of respondeat superior, the County Moving Defendants are vicariously liable for § 1983 claims based exclusively on the actions or omissions of the Co-Defendants. The problem with Plaintiff's argument is that, as a matter of law, the County Moving Defendants cannot be liable for § 1983 claims under the doctrine of respondeat superior. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("a municipality cannot be held liable under § 1983 on a respondeat superior theory."); *Hunter v. Town of Mocksville*, 897 F.3d 538, 553-554 (4th Cir. 2018) (same); *Santos v. Frederick Cty. Bd. of Comm'rs*, 725 F.3d 451, 470 (4th Cir. 2013) *quoting Monell* ("a municipality is subject to Section 1983 liability **only** when its 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the plaintiff's injury'") (emphasis added).

Plaintiff fails to provide any authority that states otherwise. The cases relied upon by Plaintiff fall into two categories, neither of which preclude granting Moving Defendants' motion to dismiss. The first category are federal cases in which § 1983 claims are asserted, but the defendants are individuals, and not governmental bodies, and the doctrine of respondeat superior is not applied. *See West v. Atkins*, 487 U.S. 42, 54 at n. 12 (1988) (§ 1983 claim was against physician and did not involve doctrine of respondeat superior other than for Court to note the doctrine did not apply to § 1983 claims); *Whitley v. Albers*, 475 U.S. 312 (1986) (§ 1983 claim against individual prison officials did not involve doctrine of respondeat superior); *Estelle v. Gamble*, 429 U.S. 97

(1976) (§ 1983 claims were against individuals and did not involve the doctrine of respondeat superior).

The second category of cases cited by Plaintiff are comprised of state cases that do not involve § 1983 claims, let alone impose liability for § 1983 claims based on respondeat superior. *See Leonard v. Bell*, 254 N.C. App. 694, 803 S.E.2d 445 (2017) (physicians employed by department of public safety could be individually liable for *negligence* claims); *Camalier v. Jeffries*, 340 N.C. 699, 460 S.E.2d 133 (1995) (case does not involve a governmental body or § 1983 claims); *Medley v. North Carolina Dep't. of Correction*, 330 N.C. 837, 845, 412 S.E.2d 654, 659 (1992) (department of correction could be liable for *negligence* of doctor it hired to provide medical care for inmates); *Dockery v. World of Mirth Shows, Inc.*, 264 N.C. 406, 142 S.E.2d 29, (1965) (case does not involve a governmental body or § 1983 claims); *Baker v. Smith*, 224 N.C. App. 423, 433 at n. 8, 737 S.E.2d 144, 150 at n. 8 (2012) (Court noted that case did not involve any issues under § 1983); *State v. Wilson*, 183 N.C. App. 100, 643 S.E.2d 620 (2007) (case does not involve § 1983 claims).

As noted in their opening brief, Moving Defendants are not yet moving for dismissal of Plaintiff's negligence claim against the County Moving Defendants, but only the § 1983 claims. Thus, as it is undisputed that Plaintiff failed to allege that the County Moving Defendant had a policy or custom that caused Hunter's death, and the doctrine of respondeat superior cannot be used to impose liability for § 1983 claims upon the County Moving Defendants, Plaintiff's claims under 42 U.S.C. § 1983 against the County Moving Defendants must be dismissed.

9

## CONCLUSION

For the above stated reasons, Moving Defendants respectfully request that the Court dismiss all the claims against the Individual Moving Defendants and dismiss the claims under 42 U.S.C. § 1983 against the County Moving Defendants.

This the 9th day of November, 2021.

/s/ JAMES D. MCALISTER
Bar No: 35432
/s/ JEFFREY B. KUYKENDAL
Bar No: 37693
McAngus Goudelock & Courie
Post Office Box 30307
Charlotte, North Carolina 28230
Phone: (704) 405-4638
Fax: (704) 643-2376
Email: jmcalister@mgclaw.com
Email: jeffrey.kuykendal@mgclaw.com

Attorneys for Jason Auten, A. M. Price, Michael Rogers, Cabarrus County Sheriff's Department and Cabarrus County

# CERTIFICATE OF SERVICE

I hereby certify that on the dated above, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>W. Gregory Merritt
>Harris, Creech, Ward & Blackerby
>Post Office Drawer 1168
>New Bern, North Carolina 28563
>Attorney for Southern Health Partners, Inc., Kelly Carlton, and Karen Russell
>Email: wgm@hcwb.net
>
>Fred W. DeVore, III
>DeVore, Acton & Stafford, PA
>438 Queens Road
>Charlotte, North Carolina 28207
>Attorney for Kathy Byrd, as Administrator of the Estate of Wesley Randolph Hunter,
>Email: fdevore@devact.com

This the 9th day of November, 2021.

/s/ JEFFREY B. KUYKENDAL
/s/ JAMES D. MCALISTER

11